UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

UNITED STATES OF AMERICA,

                Judgment Creditor,

      v.

JEFFREY SPINA,

                Judgment Debtor,

     and

SECURITIES AMERICA, FS
INVESTMENTS, and JACKSON,

             Garnishees.

No. 18-CR-625 (KMK)

<u>ORDER</u>

KENNETH M. KARAS, United States District Judge:

      The Government has moved, with notice to the judgment debtor, Jeffrey Spina ("Spina"), for entry of (i) a charging order against Spina's interest in Effective Marketing and Communications, LLC, and (ii) a final order of garnishment directing the garnishees, Securities America, FS Investments, and Jackson to submit the full liquidated value of his interest in the withheld accounts to the Clerk of Court in partial satisfaction of the restitution owed by Spina to the victims of his criminal conduct. Spina opposes the Government's Motion.

      For the reasons stated herein, the Government's Motion is granted.

<u>I. Background</u>

      On July 26, 2019, Spina pled guilty to conspiracy to commit health care fraud in violation of 18 U.S.C. § 1349, health care fraud in violation of 18 U.S.C. § 1347, and obstruction of a federal audit, in violation of 18 U.S.C. § 1516. (*See* Order Accepting Plea Allocution (Dkt. No.

31).)  The Court sentenced Spina to time served, three years of supervised release, and ordered him to pay $9,760,555.20 in restitution to the victims of his crime. (*See* Judgment in Criminal Case ("Judgment") 2–3, 6 (Dkt. No. 208); Restitution Order 1 (Dkt. No. 205).)[1]  The Court also entered a separate forfeiture money judgment in the amount of $1,872,150.04, (*see* Consent Preliminary Order of Forfeiture ("Forfeiture Order") 2 (Dkt. No. 204)), which represents the proceeds of Spina's criminal conduct, not the losses his victims suffered. *See United States v. Torres*, 703 F.3d 194, 203-05 (2d Cir. 2012) (noting that "[f]orfeiture and restitution are separate remedies with different purposes") (omitting internal citation).

The Government contends, and Spina does not dispute, that as of March 21, 2023, Spina has paid only $1,013 toward his restitution.  (*See* Mem. Of Law in Support of the Govt's Motion for Charging Order and Final Order of Garnishment ("Govt Mem.") 2 (Dkt. No. 228).)  To secure its interest in Spina's substantial nonexempt personal property, the Government obtained and served pre-judgment writs of garnishment on garnishees Securities America, FS Investments, and Jackson. (*See generally* Application for Writ of Garnishment (Dkt. No. 179); Writ of Garnishment to FS Investments (Dkt. No. 184); Writ of Garnishment to Jackson (Dkt. No. 185); Writ of Garnishment to Securities America (Dkt. No. 186).)  The garnishees answered the writs, claiming that they hold approximately $3,881,434, subject to market fluctuations, in Spina's accounts.  (*See* Dkt. Nos. 221-1–221-3.)  After the garnishees had been served, the Government sent a copy of the garnishment process to Spina.  (*See* Certificate of Service (Dkt. No. 221).)  The exclusive and limited exemptions available to criminal judgment debtors under

---

[1] The Judgment does not include a payment schedule, (*see* Judgment 7), but the restitution order provides that "[a]ny unpaid amount remaining upon release from prison will be paid in installments in an amount equal to ten percent of the Defendant's gross income on the 5th of each month."  (*See* Restitution Order ¶ 2.)

18 U.S.C. § 3613(a) are listed in the Clerk's Notices that Spina and each garnishee received. (*See* Application for Writ of Garnishment; Writ of Garnishment to FS Investments; Writ of Garnishment to Jackson; Writ of Garnishment to Securities America*.*)

Spina did not file any claim of exemption or an objection to a garnishee's Answer within the required 20 days of service of the garnishment process.  (*See* Govt Mem. 3.)  Nor did Spina timely request a hearing to contest the garnishment process.  (*See id.*)

## II. Discussion

### A.  Statutory Framework

"The [Government] may enforce a judgment imposing [restitution] in accordance with the practices and procedures for the enforcement of a civil judgment under Federal . . . or State law . . . [for up to] 20 years after the release from imprisonment."  *See* 18 U.S.C. §§ 3613(a) and (b); *see also* 18 U.S.C. §§ 3664(m)(1)(A)(i) and (ii) and 28 U.S.C. § 3003(b)(2).  Moreover, "nothing precludes the [G]overnment from initiating a collection proceeding under an existing criminal docket number in order to collect . . . restitution ordered as part of the criminal sentence."  *United States v. Cohan*, 798 F.3d 84, 89 (2d Cir. 2015).

The Mandatory Victims Restitution Act ("MVRA") makes restitution mandatory for certain crimes, including, as relevant here, Title 18 offenses against property and any offense committed by fraud or deceit.  *See* 18 U.S.C. §§ 3663A(a)(1), and 3663A(c)(1)(A)(ii); *see also Logos v. United States*, 584 U.S. 577, 580 (2018) ("The [MVRA] is one of several federal statutes that govern federal court orders requiring defendants convicted of certain crimes to pay their victims restitution.").  The MVRA requires the Court to order the full amount of restitution to victims of crime irrespective of a defendant's economic circumstances.  *See* 18 U.S.C. §§ 3663A and 3664(f).  The Court may then set a payment schedule for the restitution, but the

MVRA requires the Court to consider various factors, including the defendant's ability to pay. *See* 18 U.S.C. § 3664(f)(2) (referring to schedules under § 3572). The default rule is for immediate payment in full unless the interests of justice warrant payment in installments. *See* 18 U.S.C. § 3572(d)(2); *United States v. Kinlock*, 174 F.3d 297, 301 ("When restitution cannot be paid immediately, the sentencing court must set a schedule of payments for the terms of incarceration, supervised release, or probation.").

Upon the filing of a criminal judgment, a lien automatically arises in favor of the Government on all property and rights to property of the defendant in the same manner as a liability for a tax assessed under the Internal Revenue Code of 1986. *See* 18 U.S.C. § 3613(c). The statute further provides that upon filing of a notice of the lien, "the lien shall be valid against any purchaser, holder of a security interest, mechanic's lienor judgment lien creditor . . . .." *See* 18 U.S.C. § 3613(d). Also, the payment schedule set by the Court is separate from the statutory lien against the defendant's property and rights to property. "*Notwithstanding any other [f]ederal law*," 18 U.S.C. § 3613(a) (emphasis added), a judgment imposing a restitution order is a lien in favor of the Government on "*all property and rights to property*" of the defendant, 18 U.S.C. § 3613(c) (emphasis added), that "*may be enforced against all property and rights to property*" of the defendant with very few exemptions, 18 U.S.C. § 3613(a) (emphasis added). Simply put, the plain language "notwithstanding any other federal law" in § 3613(a) means that the payment schedule provisions in § 3572(d) and §§ 3664(f) and (k) cannot override the Government's right to the lien and/or payment from a defendant's nonexempt property. *United States v. Lumiere*, No. 16-CR-483, 2021 WL 4710778, at *3 (S.D.N.Y. Oct. 7, 2021) ("Where 18 U.S.C. § 3613(a) states that '[n]othwithstanding any other Federal law,' a judgment may be enforced against all property and rights of a defendant, the Court finds a clear

indication that Congress intended for the provision to trump other statutory provisions, including in 18 U.S.C. § 3572(d), where a court imposing a fine may provide for installment payments.").

    B. <u>Application</u>

       Applying the applicable statutory framework here, the Court concludes that Spina's restitution may be paid from the funds held by FS Investments, Securities America, and Jackson, in which he indisputably has a substantial nonexempt interest. *See United States v. Shkreli*, 47 F.4th 65, 71 (2d Cir. 2022) ("The MVRA expressly states that criminal restitution orders may be enforced against '*all* property or rights to property.' . . . The Supreme Court has emphasized in a different context that the phrase 'all property and rights to property' . . . is broad and reveals on its face that Congress meant to reach every interest in property.'") (quoting *United States v. Nat'l Bank of Com.*, 472 U.S. 713, 719–20 (1985)).  As noted above, just as the IRS does in tax collection cases, the Government steps into Defendant's shoes when collecting restitution, which allows the Government to make an election on his behalf when he is eligible to receive a distribution but has not elected to do so. *See Kane v. Guardian Capital*, 145 F.3d 1218, 1221 (10th Cir. 1998) ("The reach of a federal tax lien is broad.  Congress intended the lien 'to reach every interest in property that a taxpayer may have.'" (quoting *United States v. National Bank of Commerce*, 472 U.S. 713, 719–20 (1985))).

       To be specific, the Government is entitled to 100% of the funds held by FS Investments, which includes a brokerage account in the name of Effective Marketing & Communications, LLC.  (Govt Mem. at 6–7.)  This account apparently closed due to the convictions in this case, but the Government is entitled to stand in Spina's shoes and recover any sums to which he is entitled. *See United States v. Belfort*, 340 F. Supp. 3d 265, 268–270 (E.D.N.Y. 2018) (ordering full garnishment of the defendant's LLC memberships).  The same is true of Spina's three

brokerage accounts being held by Securities America. According to the Government, and not otherwise contested, Spina is entitled to immediately access the funds held by Securities America. (*See* Govt Mem. at 8.) Again, because the Government stands in Spina's shoes, it may collect Spina's accounts held by Securities America. Finally, the Government is entitled to 100% of the three annuity contracts held by Jackson that belong to Spina but which have not yet been annuitized. (*See id*. at 8–9.)

Spina objects to the Government's Motion on three grounds: (i) the restrained assets/funds were derived and/or earned by legal means and before the fraudulent conduct that is the subject of the Judgment; (ii) some of the assets/funds belong to others, including relatives or former employees; and (iii) some portion of the assets/funds should be set aside to pay his attorney's fees. None of these arguments is persuasive.

Starting with the first claim—that the assets/funds are untainted by his criminal conduct–there are two compelling counter-arguments. First, his claim is untimely. The Fair Debt Collection Practices Act provides that within 20 days of service, debtors or interested parties may request a hearing to determine: (1) the probable validity of any claim for exemption; (2) the compliance with the statutory requirement for the issuance of the writ; or (3) certain issues that pertain to the enforcement of default judgments. *See* 28 U.S.C. §§ 3101(d), 3202(d). The exclusive and limited exemptions available to criminal judgment debtors under 18 U.S.C. § 3613(a) were listed in the Clerk's Notice that Spina and each garnishee received. Because, the Government is only seeking to enforce a criminal restitution judgment, it need only have complied with the statutory requirements for the issuance of the writs of garnishment, and, critically, Spina failed to timely assert any exemption or other valid objection to the garnishment. *See* 28 U.S.C. §§ 3014(b)(2), 3101(d), 3104, 3202(d), 3205(c)(7); *United States v. O'Brien*, 851

F. App'x. 236, 239–40 (2d Cir. 2021) (affirming denial of a defendant's objection to garnishment as untimely).

Second, it is irrelevant that some of the assets/funds are "untainted" because they were earned before the criminal conduct that formed the basis of Spina's conviction. Assets that are connected to or derived from criminal conduct are subject to forfeiture as a means of punishing a wrongdoer. *See United States v. Peters*, 732 F.3d 93, 98–99 (2d Cir. 2013) (noting that forfeiture, "unlike restitution, 'constitutes punishment'"). However, restitution is meant to compensate victims, *see United States v. Maynard*, 743 F.3d 374, 377–78 (2d Cir. 2014) (noting that the MVRA's purpose is to "fully compensate" victims "for their losses and to restore these victims to their original state of well-being" (internal citation and quotations omitted)), and, therefore, a defendant's nonexempt interest in property and/or assets may be used to pay victims regardless of whether the property/assets were untainted by any criminal conduct by the defendant, *Cohan*, 798 F.3d at 89 (noting that the FDCPA authorizes the government to garnish property in which a debtors has "a substantial nonexempt interest and which is in the possession, custody, or control of a person other than the debtor, in order to satisfy the judgment against the debtor" (omitting internal quotations and citations)). Thus, while the Court imposed a forfeiture money judgment, the amount of that judgment reflected the proceeds of the criminal conduct and were imposed to disgorge him of those ill-gotten gains. The restitution order and the related garnishment proceeding are intended only to compensate the victims for the losses they suffered. Because it is undisputed that Spina has substantial nonexempt assets to pay restitution, the Court is well within its authority to require payment of the restitution from the funds/assets held by FS Investments, Securities America, and Jackson.

Spina's second objection—that some of the garnished assets/funds are partly or jointly owned by other individuals—also falls short.  First, Spina fails to identify any documentary or other support for this claim.  Indeed, as the Government notes, the Answers to the Writs fail to show anybody other than Spina with an interest in or access to the funds/assets.  (Govt Reply Mem. in Supp. of Mot. for Charging Order ("Govt Rep.") 5 (Dkt. No. 245).)  Second, to the extent Spina disclaimed any interest in the funds/assets, he has lost any standing to object to their garnishment.  *See United States v. Santee Sioux Tribe, et al.*, 254 F.3d 728, 735 (8th Cir. 2001) (holding that party that failed to establish ownership or interest in property did not have standing to challenge its garnishment); *United States v. Bowen*, No. 05-CR-425, 2015 WL 13763142, at *3 (D. Colo. Sept. 22, 2015) ("[I]f, in fact, the funds belong to Mr. Bowen's father as Mr. Bowen claims, Mr. Bowen has no standing to object to its seizure.").

Finally, Spina's request to release a portion of the garnished funds/assets to pay his attorney's fees is denied.  The Second Circuit has held that there is not right to counsel in civil garnishment proceedings, such as this one.  *See, e.g., Cohan*, 798 F.3d at 89–90 (explaining that proceedings that relate to enforcement of a criminal restitution order are "decidedly civil in nature" and, therefore, rejecting a Sixth Amendment ineffective assistance claim).  Therefore, there is no basis to use the garnished assets to pay for his attorney in connection with these proceedings.

## III.  Conclusion

For the foregoing reasons, the Court will enter (i) a charging order against Spina's interests in Effective Marketing & Communications, LLC, and (ii) a final order of garnishment directing the garnishees Securities America, FS Investments, and Jackson to submit the full

liquidated value of the judgment debtor's interest in the withheld accounts to the Clerk of Court

in partial satisfaction of the restitution owed to the victims of Spina's criminal conduct.

SO ORDERED.

Dated:   March 13, 2025
         White Plains, New York

_____

              KENNETH M. KARAS
             United States District Judge